UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WALTER TRIPP,<br><br>    Petitioner,<br> v.<br>ISIDRO BACA, et al.,<br><br>    Respondents. | Case No. 3:16-cv-00006-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's motion for appointment of counsel (ECF No. 12) and respondents' motion for waiver of compliance with Local Rule LR IA 10-3 (ECF No. 11).

On petitioner's motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986).

The Court is not persuaded that the interests of justice require the appointment of counsel herein, even if the Court were to assume that petitioner is financially eligible for

the appointment of counsel under § 3006A.[1] Petitioner filed the motion for appointment of counsel at approximately the same time as his reply to respondents' answer, at the conclusion of the submissions on all issues in the case. Both the 30-page reply and petitioner's earlier 19-page petition reflect a more than adequate ability to present petitioner's position *pro se* with the assistance and resources available to him. The Court is not persuaded at this juncture that counsel is needed for factual development or that an evidentiary hearing will be required to resolve the issues presented. Nor is the Court persuaded that appointment of counsel is warranted because petitioner is over 70 years old. Petitioner, again, is adequately presenting his claims with the resources available to him, in a matter where no further submissions are contemplated under the governing scheduling order.

It therefore is ordered that petitioner's motion for appointment of counsel (ECF No. 12) is denied.

It further is ordered that respondents' motion for waiver of compliance with Local Rule LR IA 10-3 (ECF No. 11) is granted in part and denied in part. The Court waives compliance with paragraphs (e) and (i) of the former version of Local Rule IA 10-3, but respondents must send paper copies of record exhibits to staff, not .pdf files on a computer disc, as per ECF No. 6 at 2 lines 3-6.

DATED THIS 27th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's pauper application reflected that petitioner had $650.00 a month in deposits and over $1,000.00 on hand at that time, with a substantial portion of his expenditures going to apparently discretionary purchases at the commissary. The Court in all events does not find that the interests of justice require the appointment of counsel even if petitioner is regarded as financially eligible for such appointment after considering his financial resources relative to his limited necessary expenses.

2